IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 5:13CR50080-001 |
| | ) | |
| GLEN BAUGHMAN | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

On July 31, 2013, a Grand Jury sitting in the Western District of Arkansas returned an Indictment against the Defendant, charging him with four counts of using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and that visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, in violation of Title 18 U.S.C. §§ 2251(a) and (e); one count of knowingly possessing a cellular phone that contained images of child pornography which had been mailed, shipped and transported in interstates and foreign commerce by any means, including by cellular phone in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and a forfeiture allegation.

In the forfeiture allegation of the Indictment, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 2253, of

1. Any visual depiction described in 18 United States Code §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter, which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offenses in the Indictment;
2. Any property, real or personal, consisting or traceable to gross profits or other process obtained from the offenses in the Indictment; and
3. Any property, real or personal, including any and all computer equipment, used or intended to be used to commit or to promote the commission of the offenses in the Indictment, or any property traceable to such property, including, but not limited to computer equipment used in the commission of the offenses in the Indictment.

On October 10, 2013, the Defendant pleaded guilty to Count(s) One and Two of the Indictment. Pursuant to a Plea Agreement entered into by the parties, the Defendant agrees to forfeit all rights, title and interest to the Nokia Cellular Phone listed in the Indictment along with Acer Laptop Computer. The Defendant acknowledges that all property covered by the Plea Agreement is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such order will be considered final as to defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant

acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

    A. Nokia Cellular Phone
    B. Acer Laptop Computer

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply

with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 21 day of February, 2014.

HONORABLE JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

Glen Baughman, Defendant

Jack Schisler, Counsel for Defendant

Dustin Roberts, Assistant U.S. Attorney

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 21 2014

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK