IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                        CR.NO. 13-50080

GLEN BAUGHMAN                               DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a 28 U.S.C. § 2255 motion filed by the Defendant/Movant Glen Baughman (hereinafter "the Defendant") (Doc. 58), Defendant's Supplements to his § 2255 motion (Docs. 61, 66-69), the Government's Response (Doc. 62), and the Defendant's Reply (Doc. 65). An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows.

## I. BACKGROUND

On July 31, 2013, Defendant was charged in a five-count indictment with four counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 7.) On October 10, 2013,

-1-

Defendant pled guilty, pursuant to a written plea agreement (Doc. 19), to Count One and Two of the Indictment, charging him with production of child pornography.  On March 20, 2014, a judgment was entered sentencing the Defendant to 360 months imprisonment on Count One and 360 months imprisonment on Count Two, with the terms to run consecutively.  Defendant was also sentenced to 25 years supervised release on each of the counts, with the terms to run concurrently, a $25,000.00 fine, and a $200.00 special assessment.  (Doc. 39.)

On appeal, appointed counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the Defendant's sentence was substantively unreasonable. Defendant filed a pro se brief, essentially arguing that his guilty plea was invalid and that his counsel was ineffective. On May 26, 2015, the Eighth Circuit rejected Defendant's arguments and affirmed his conviction and sentence.  (Doc. 55.) Defendant filed a petition for a writ of certiorari, which was denied on October 7, 2015.  (Doc. 57.)

On October 11, 2016, Defendant filed the § 2255 motion currently before the Court, raising various arguments.  The Court will first address the timeliness of Defendant's motion.

## II.  TIMELINESS OF MOTION

The Government argues that the Defendant's § 2255 motion was untimely filed.  A one-year period of limitation applies to

-2-

§ 2255 motions. <u>See</u> 28 U.S.C. § 2255(f). As relevant to the instant case, that period began to run from "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255(f)(1). Defendant's conviction became final on October 5, 2015, the date the Supreme Court denied certiorari. (Doc. 57.) <u>See</u> <u>Campa-Fabela v. United States</u>, 339 F.3d 993, 993-94 (8th Cir. 2003). Thus, Defendant had until October 5, 2016, to file his § 2255 motion. Defendant did not file his § 2255 motion, however, until six days past this deadline, on October 11, 2016.

Under what is known as the prison mailbox rule, which is set out in Rule 3(d) of the Rules Governing § 2255 proceedings, a document filed by an inmate is timely if deposited in the prison's mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. 1746, which sets forth the date of deposit and states that first-class postage has been prepaid. Defendant has submitted a declaration under penalty of perjury stating that he deposited his motion in the prison mailing system on October 5, 2016, the last day of the limitations period. (Doc. 58 at pg. 12.) Defendant attaches to his § 2255 motion a memorandum of record from the prison unit manager confirming this fact. Further, Defendant states in his Reply that the envelope was addressed and stamped for mailing. (Doc. 65 at pg. 2.) The undersigned finds this sufficient to satisfy the prison mailbox

-3-

rule and finds, therefore, that Defendant's § 2255 motion was timely filed.

### III.  GROUNDS FOR MOTION

### A.  Counsel's failure to move to suppress evidence and statements

Defendant argues that his appointed counsel should have moved to suppress evidence seized and statements made during the execution of a search warrant.  Defendant asserts that he was not mirandized and investigators continued to question him after he asked for a lawyer.  Defendant further asserts that he was not a part of the family that owned the residence, he merely rented a room at the residence and he was not named on the warrant.

A valid guilty plea waives all suppression issues not expressly reserved by a conditional plea.  See United States v. Villa-Madrigal, 683 F.3d 924, 926 (8th Cir. 2012).  After a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea. See Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984). Defendant entered an unconditional guilty plea. Defendant argues, however, that his plea was not knowing and voluntary, because his counsel provided ineffective assistance of counsel in advising him that the maximum possible sentence he faced was 30 years.  According to Defendant, counsel never advised him

-4-

that he could "get 30 years for each separate count . . . for a total of 60 years." (Doc. 58 at pg. 15.)

To prove ineffective assistance of counsel, Defendant must establish that "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8ᵗʰ Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. The Court's "review of counsel's performance is 'highly deferential.'" Booth v. Kelley, 882 F.3d 759, 762 (8ᵗʰ Cir. 2018) (quoting Strickland, 466 U.S. at 689).

A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside "the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). But a criminal defendant's "right to be apprised of the court's sentencing options . . . requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Thomas v. United States, 27 F.3d 321, 326 (8ᵗʰ Cir. 1994). Thus, even if Defendant's counsel did not inform him of the possibility of a 60 year maximum sentence, which is disputed

-5-

in an affidavit by counsel attached to the Government's Response (Doc. 62-1 at pgs. 5-6), a "defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence." United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999).

At Defendant's change-of-plea hearing, the undersigned specifically advised the Defendant:

> By pleading guilty to Count 1 and Count 2 of the Indictment, you face the following penalties *on each count*. You face a maximum term of imprisonment of up to 30 years, a mandatory minimum term of imprisonment of at least 15 years. That would be, again, *on each count.*

(Doc. 52 at pg. 11) (emphasis added). Defendant affirmed that he understood the penalties he faced and that he was satisfied with the service and advice of his counsel. (Id. at pgs. 4, 12.)[1]  Thus, regardless of what counsel advised the Defendant, the undersigned advised the Defendant of the correct maximum penalties. Defendant, therefore, has not asserted any credible basis for challenging the validity of his guilty plea based on

---

[1]The undersigned also points out that the Presentence Investigation Report ("PSIR") specifically stated that the maximum term of imprisonment was 30 years for each count, "for a total maximum term of imprisonment of 60 years," and the Sentencing Guideline range for imprisonment was 720 months. (Doc. 36 ¶ ¶ 104, 105.)  Defendant confirmed at his sentencing hearing that he had reviewed the PSIR and was satisfied with his counsel's services.  (Doc. 44 at pg. 4.)  Thus, Defendant confirmed that he was aware of the 60 year maximum and he voiced no complaints about counsel's advice.

-6-

his counsel's advice. <u>See</u> <u>United States v. Lugo-Hernandez</u>, No. 93-50329, 1994 WL 235323, *2 (9th Cir. June 1, 1994) (ineffective assistance of counsel claim failed because even if counsel misinformed defendant about his sentence, the district court informed defendant of the applicable mandatory minimum and maximum sentences before accepting the plea); <u>United States v. Flores</u>, Crim. No. 15-183(2), Civ. No. 18-010, 2018 WL 2435203, *2 (D. Minn. May 30, 2018) (rejecting Defendant's claim that he did not knowingly plead guilty because his counsel failed to advise him of the possibility of a consecutive sentence, where plea agreement stated the correct mandatory minimum and maximum sentences and defendant acknowledged that he understood these applicable sentences at the plea hearing). Defendant's valid guilty plea forecloses his claim regarding the suppression issues.

### B. Counsel's failure to move to dismiss Count Two

Defendant argues that counsel should have moved to dismiss Count Two of the indictment because there was insufficient evidence of the identity of the minor. This claim is likewise barred by Defendant's valid guilty plea. <u>See</u> <u>Villa-Madrigal</u>, 683 F.3d at 926 (a defendant who pleads guilty waives all nonjurisdictional defenses).

-7-

C.  **Counsel was ineffective in failing to argue that no substantial harm occurred during the production of images**

Defendant argues that counsel should have argued that "the harm touted by the Government was unreasonable since the images were created while the children were asleep.  No psychological harm could be asserted if the child is unaware of the event." (Doc. 58 at pg. 24.)  Defendant's argument is without merit and disputed by the record.

As the Government points out, counsel did, in fact, argue in a sentencing memorandum:

> Mr. Baughman's crime, while deserving of a lengthy prison sentence, is by no means the most egregious form of production of child pornography. . . . [T]he children were asleep and completely unaware of what was occurring when the videos were made.  This fact alone sets Mr. Baughman's conduct apart from much more serious versions of the offense."

(Doc. 34 at pg. 5.)  Counsel also argued this issue at the sentencing hearing.  (Doc. 44 at pgs. 36-37.)

D.  **Counsel was ineffective in failing to argue that the Guideline range was unreasonable**

Defendant argues that counsel failed to present "the policy disagreement," that is "supported by several Circuits, which have decided that the Guideline range is unreasonable." (Doc. 58 at pg. 22.)  As the Government points out, it appears that the Defendant is referring to the criticism of U.S.S.G. 2G2.2,

-8-

which is the Guideline applicable to the possession and trafficking of child pornography. Defendant's argument is without merit. The Guideline applicable to the Defendant's case was 2G2.1, as the Defendant pleaded guilty not to possession or trafficking, but to actual production of child pornography.

### E.    Appellate counsel was ineffective in not arguing that the sentencing court was biased

Defendant argues that counsel should have argued on appeal that the Court was "biased about [his] charges." (Doc. 58 at pg. 21.) Defendant infers such bias from statements made by the Court at sentencing such as "there's just a special place for the grotesqueness of what you have admitted to;" "you're going to have essentially the rest of your life to think about that conduct . . . I hope that . . . you can never forget your victimization." (Id. at pg. 21; Doc. 44 at pg. 54.)

The Eighth Circuit rejected any argument that Defendant's sentence was substantively unreasonable, finding that while the sentence imposed was "undoubtedly long," Defendant had failed to show that the District Court committed any procedural errors, failed to consider any relevant 18 U.S.C. § 3553(a) factor, or improperly considered any irrelevant factor. (Doc. 55-1 at pg. 2.) Further, "judicial remarks . . . that are critical or disapproving of, or even hostile to, . . . the parties . . . ordinarily do not support a bias or partiality challenge."

-9-

<u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). "It can be no surprise that [a] sentencing judge would express 'disgust' regarding an offense related to child pornography and a reasonable person would not view such a comment as suggesting the judge's impartiality could reasonably be questioned." <u>Contreras v. United States</u>, Civ. No. 08-11526, Crim. No. 05-50088, 2009 WL 1562701, *2 (E.D. Mich. June 3, 2009); <u>cf.</u> <u>United States v. Ayesh</u>, No. 09-2342, 2009 WL 4799073, *2 (7th Cir. 2009) (district court did not demonstrate bias at sentencing in stating that kidnaping attempt was reprehensible). The undersigned, therefore, sees no merit to Defendant's argument that appellate counsel was ineffective in failing to argue judicial bias.

**F.    <u>Johnson</u> claim**

Defendant asserts that his sentence is unconstitutional in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). In <u>Johnson</u>, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). As the Government points out, Defendant was not sentenced as a career offender, in fact, he had no criminal history points attributed to him. Thus, Defendant cannot present a <u>Johnson</u> claim.

-10-

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's **§ 2255 motion (Doc. 58) be DENIED.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

-11-

DATED this 8th day of June, 2018.


/s/ Erin L.  Wiedemann
HONORABLE. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)