IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF/RESPONDENT |
| V. | CASE NO. 5:13-CR-50080 |
| GLEN BAUGHMAN | DEFENDANT/PETITIONER |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Objections to the Magistrate Judge's Report and Recommendation (Doc. 74) filed by Defendant/Petitioner Glen Baughman in this case. On October 11, 2016, Mr. Baughman filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 58). The Government responded on November 11, 2016, (Doc. 62), to which Mr. Baughman filed his Reply on January 6, 2017, (Doc. 65).[1] Magistrate Judge Wiedemann issued her Report and Recommendation ("R&R") denying Mr. Baughman's Motion in full on June 8, 2018 (Doc. 71). Mr. Baughman subsequently filed his Objections thereto, requesting dismissal of the R&R and an evidentiary hearing to present his claims. (Doc. 74).

When a defendant makes specific objections to portions of a magistrate judge's report and recommendation, the district court must review the contested findings or recommendations de novo. *See* 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Here, Mr. Baughman objected to the R&R on two grounds. As

---

[1] Additionally, Mr. Baughman filed three Motions for Leave to Supplement (Docs. 66, 68, 69). Each motion was granted by United States Magistrate Judge Erin L. Wiedemann and, pursuant to Judge Wiedemann's favorable rulings, Mr. Baughman filed three Supplemental 28 U.S.C. § 2255 Motions and Briefs (Doc. 67, 68, 69).

1

such, the Court has undertaken a *de novo* review of the Defendant's objections and rules on each in turn.

## I. DISCUSSION

Mr. Baughman originally asserted six separate grounds for relief in his Brief in Support of his Motion to Vacate. (Doc. 59). The R&R addresses these claims individually, and two of them are the subject of Mr. Baughman's Objections addressed below. Mr. Baughman's first objection concerns his counsel's alleged ineffective assistance as to three events, each of which occurred prior to Mr. Baughman deciding to enter a guilty plea. His second and final objection alleges further ineffective assistance during Mr. Baughman's sentencing. For the reasons provided below, both of Mr. Baughman's objections to the R&R are **OVERRULED** because neither can overcome the two-part test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### A. Alleged Ineffective Assistance Occurring Prior to Guilty Plea

After entering a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea. *See Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). To prevail on a claim of ineffective assistance of counsel, a defendant must prove not only that his attorney's performance was deficient, but that he was prejudiced by that deficiency. *Strickland*, 466 U.S. at 687. In the context of a guilty plea, a defendant asserting ineffective assistance of counsel must prove that he would not have pleaded guilty absent his attorney's errors. *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997). The ultimate focus when determining this issue is the "fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

2

The basic principle governing Mr. Baughman's claim is that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. Furthermore,

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard.

*Id.*

Mr. Baughman argues that his guilty plea was not knowing or voluntary due to ineffective assistance of counsel. In asserting his claim, Mr. Baughman points to his counsel's failure to investigate: (1) the nature of the search of his bedroom, (2) the nature of his interview with law enforcement prior to that search, and (3) the sufficiency of the Government's evidence identifying the minor named in Count 2 of Mr. Baughman's Indictment.[2] He argues that each event falls below the objective standard of reasonableness for effective assistance and prejudiced his case by pressuring him to seek a plea agreement rather than proceed to trial (Doc. 74, p. 2).

First, the Court finds that neither counsel's advice against pursuing suppression of evidence gathered from the search of Mr. Baughman's room nor counsel's decision to forgo a motion to dismiss one of his felony counts indicates deficient performance or resulted in prejudice. Nothing in the record suggests that Mr. Baughman's property seized from his room could have been suppressed. As the Presentence Investigation Report ("PSR") reveals, a federal search warrant was issued after a special agent ("SA")

---

[2] Mr. Baughman's counsel noted in his affidavit attached to Government's Reply (Doc. 62-1, p. 2) that Mr. Baughman "appears to confuse the count number with the victim named in the count, as the victim in Count Two was Jane Doe #1."

3

with the Internet Crimes Against Children Task Force downloaded more than two thousand images of child pornography using file sharing software from a computer the SA traced back to the residence where Mr. Baughman was residing. Mr. Baughman contends that he was a renter and therefore maintained a reasonable expectation of privacy which required the police to obtain a separate warrant to search his room inside the house. The record contradicts Mr. Baughman's assertion that he was a renter, see Doc. 62-1, p. 1. Law enforcement searched the home where Mr. Baughman was residing only after securing a valid search warrant, which rendered the search entirely reasonable. As the warrant relied upon by law enforcement was based on sufficient probable cause, Mr. Baughman's Fourth Amendment rights were not violated, and any challenge to the contrary on the part of his attorney would have been futile.

Mr. Baughman also argues that his counsel was deficient for not moving to dismiss the second count of his indictment because there was insufficient evidence of the identity of the minor (Doc. 74, p. 2). He asserts that when conferencing with counsel, it was Mr. Baughman's position that a mother's identification alone would be insufficient to identify the victimized minor. This argument was premised on Mr. Baughman's belief that a mother could not identify her child when presented with an image that only displayed the child's genitalia.

Here, counsel's alleged "failure" to move to dismiss the indictment does not rise to the level of deficient representation. "Often the interests of the accused are not advanced by challenges that would only delay the inevitable date of prosecution . . . ." *Tollett*, 411 U.S. at 266 (citing *Brady v. United States* 397 U.S. 742, 751-752 (1970)). Furthermore, the entry of a guilty plea bars any allegation that a defense attorney failed to file certain

motions or make other challenges prior to the entry of that plea. *Id*. at 267. It is the job of attorneys to advise their clients on the merits of various potential arguments and, at times, to dissuade them from pursuing losing ones. Mr. Baughman's counsel appears to have assessed the strength of the facts in this case and concluded Mr. Baughman's argument about the sufficiency of the evidence was unlikely to prevail.

In his affidavit attached to his Motion to Vacate, Mr. Baughman also states that he raised the issue of his unlawful custodial interrogation with his counsel on or about July 2013, early in their initial conferences, *see* Doc. 58, p. 25, and well before any plea deals were ever discussed, *see* Doc. 65-1, p. 2. Mr. Baughman's counsel submitted an affidavit to the Court contradicting Mr. Baughman's version of events, recounting that:

> [Mr. Baughman's] statements in the instant motion regarding his request for a lawyer, his attempts to leave the home during the search, and that he was prevented from doing so by the police were communicated to me long after he had plead guilty.

(Doc. 62-1, p. 1). Counsel's statement indicates that he was unaware of facts that may have given rise to a constitutional claim prior to Mr. Baughman's decision to plead guilty. However, as the Supreme Court ruled in *Tollett*,

> a guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . [a]nd just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts . . . it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

*Tollett*, 411 U.S. at 267.

The Supreme Court has also instructed that "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that

5

counsel may have misjudged the admissibility of the defendant's confession." *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970). Assuming that Mr. Baughman was subjected to an improper custodial interrogation during his initial interview with law enforcement, the Court finds the factual basis provided in the plea agreement sets forth facts that are clearly sufficient to convict Mr. Baughman of the charges against him without reference to any admissions or confessions he might have made during the custodial interrogation. *See* Doc. 19, p. 3. In particular, the plea agreement sets forth that during the execution of the search warrant, officers located a Nokia brand cellular phone in Mr. Baughman's bedroom. A preliminary search of the phone revealed "numerous videos of an adult male digitally rubbing and penetrating the vagina of a young prepubescent female while she slept," *see id.* At 3. The plea agreement also details the video evidence found on Mr. Baughman's cell phone pertaining to the child victims in Counts 1 and 2, charges to which Mr. Baughman pleaded guilty.

As such, the Court finds that even if it could be established that counsel's performance prior to the plea in failing to investigate possible constitutional issues was somehow deficient, Mr. Baughman cannot establish under *Strickland* that he was prejudiced. Therefore, Mr. Baughman's first objection is **OVERRULED**.

### B. Alleged Ineffective Assistance During Sentencing

Mr. Baughman's second objection is a policy disagreement with the United States Sentencing Guideline applicable to his count of conviction. He asserts that because his counsel was "unaware of any legal support" for the policy argument that Mr. Baughman wished to make, counsel's performance was deficient, *see* Doc. 74, p. 4. The Magistrate Judge thoroughly analyzed Mr. Baughman's argument as to the Guidelines in considering

6

his ground for relief in the Motion to Vacate. Finding his argument to be without merit, the Magistrate Judge correctly recommended denying the Motion. The Court agrees with the Magistrate Judge's reasoning and finds Mr. Baughman's objection does not persuade the Court to deviate from either the reasoning or the conclusion. Accordingly, Mr. Baughman's second objection based on criticisms of the Guideline applicable for the production of child pornography is **OVERRULED**.

### C. Evidentiary Hearing

Mr. Baughman asks that the Court hold an evidentiary hearing "to allow expansion of the record" with respect to his Motion to Vacate. (Doc. 74, p. 3). The Court may decline to hold a hearing if (1) Mr. Baughman's allegations, accepted as true, would not entitle him to relief, or (2) his allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Mr. Baughman is not entitled to a hearing because his claims are without merit and a hearing on the matter would serve no constructive purpose. His request is therefore **DENIED**.

### II. CONCLUSION

For the reasons stated herein, all the Defendant's objections are **OVERRULED**. Accordingly, **IT IS ORDERED** that the Report and Recommendation (Doc. 71) is **ADOPTED**, and the Motion to Vacate, Set Aside, or Correct Sentence (Doc. 58) is **DENIED**.

In addition, for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Court does not believe that there is any basis for the issuance of

7

a certificate of appealability and, therefore, a future motion for a certificate of appealability shall be **DENIED**.

**IT IS SO ORDERED** on this 21st day of November, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE